IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY SALAMONE, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> UPSTREAM INVESTMENT PARTNERS, LLC, ) <br> a limited liability company, ) <br> ) <br> Defendant. ) | Case No. 16-cv-9489 <br><br> *Jury Demanded* |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, SHERRY SALAMONE ("Plaintiff"), by and through her attorneys, Mickey, Wilson, Weiler, Renzi & Andersson, P.C., and for her Complaint at Law against the Defendant, UPSTREAM INVESTMENT PARTNERS, LLC, a limited liability company ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 in that it poses a federal question arising under 29 U.S.C. §216(b).

2. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) because Defendant runs a number of offices and conducts business throughout this judicial district and all events pertinent to this action took place within this judicial district. Specifically this includes, but is not limited to, the following:

   a. Plaintiff resides within this judicial district.

   b. Defendant is a limited liability company doing business within this judicial district and operating offices within this judicial district.

c. Defendant acted as Plaintiff's "employer" within this judicial district, as defined by the Fair Labor Standards Act [29 U.S.C. §203(d)], the Illinois Minimum Wage Law [820 ILCS §105/3], and the Illinois Wage Payment and Collection Act [820 ILCS 115/2].

## FACTS COMMON TO ALL COUNTS

3. On or about January 6, 2011, Plaintiff was hired by Defendant as an Office Coordinator and as a Licensed Advisor Assistant. At the time of her termination, she was working as the Director of Client Relations and as a Licensed Advisor Assistant.

4. Throughout the course of her employment with Defendant, Plaintiff repeatedly worked in excess of 40 hours in a given work week.

5. Plaintiff worked in excess of 40 hours as directed by Defendant; however, she was not paid proper wages for time worked in excess of 40 hours. Specifically, Plaintiff alleges that she has not been compensated for the following:

   a. For 2011, Plaintiff asserts that she is entitled to $2,668.63 in unpaid wages. This sum constitutes a total of 66.75 overtime hours totaling $2,310.89 and 15.5 straight time hours totaling $357.74.

   b. For 2012, Plaintiff asserts that she is entitled to $4,399.02 in unpaid wages. This sum constitutes 87.5 overtime hours paid at a rate of $41.37, totaling $3,619.88 and 28.25 straight time hours paid at a rate of $27.58, totaling $779.14.

   c. For 2013, Plaintiff asserts that she is entitled to $4,588.08 in unpaid wages. This sum constitutes a total of 90.75 overtime hours paid at a rate of $42.66, totaling $3,871.40 and 25.2 straight time hours paid at a rate of $28.44, totaling $716.69.

 d. For 2014, Plaintiff asserts that she is entitled to $5,663.12 in unpaid wages. This sum constitutes a total of 120.75 overtime hours paid at a rate of $42.66, totaling $5,151.20 and 18 straight time hours paid at a rate of $28.44, totaling $511.92.

 e. For 2015, Plaintiff asserts that she is entitled to $6446.07 in unpaid wages. This sum constitutes a total of 134.75 overtime hours paid at a rate of $43.53, totaling $5,865.67 and 20 straight time hours paid at a rate of $29.02, totaling $580.40.

 f. For 2016, Plaintiff asserts that she is entitled to $1,120.90 in unpaid wages. This sum constitutes a total of 25.75 overtime hours paid at a rate of $43.53.

6. Defendant did not keep proper records of the hours Plaintiff worked.

7. Plaintiff was not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), or the Illinois Wage Payment and Collection Act ("IWPCA").

8. Defendant failed to pay Plaintiff a rate not less than one and a half (1.5) times the regular rate at which she was regularly employed when she worked over 40 hours in a given work week. Defendant also failed to pay Plaintiff for certain straight time hours worked.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-8. Plaintiff reasserts and realleges the allegations of the preceding Paragraphs 1 through 8 as and for Paragraphs 1 through 8 of Count I of her Complaint at Law as though fully set forth herein.

9. Defendant regularly failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours in a given work week.

10. The FLSA [29 U.S.C. §207], provides that eligible employees who work in excess of 40 hours a week are entitled to compensation at one and one-half (1.5) times their regular hourly rate of pay.

11. Plaintiff was employed by Defendant to work as Director of Client Relations and Licensed Administrative Assistant. At the commencement of her employment, she was paid an annual salary of $48,000.00, plus any applicable bonuses. At the time her employment was terminated, she was paid an annual salary of $60,360.00, plus any applicable bonuses.

12. To qualify as exempt under the FLSA administrative exemption [29 U.S.C. §213(a)(1)], an employee must be compensated on a salary basis at a rate of not less than $455.00 per week, perform primary duties which constitute the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and perform primary duties which include the exercise of discretion and independent judgment with respect to matters of significance.

13. Plaintiff was not exempt from the FLSA's overtime provision under the salaried employee exemption [29 U.S.C. §213(a)(1)] in that she was not free to exercise discretion and independent judgment with respect to matters of significance.

14. Plaintiff was not afforded the opportunity to exercise discretion and independent judgment as it related to the allocation of time necessary to fulfill her employer's expectations.

15. Plaintiff was not afforded the right to make discretionary determinations with regard to her schedule or with regard to the allocation of time necessary to perform certain daily tasks.

16. Defendant further treated Plaintiff as non-exempt with regard to its expectations concerning her use of paid time off and the recordkeeping of her hours worked and in fact terminated her employment based upon the assertion that Plaintiff was non-exempt.

17. Defendant did not afford Plaintiff the flexibility to waive or deviate from established policies or procedures with regard to her allocation of time to assigned tasks or hours worked without prior approval.

18. Defendant directed Plaintiff to work, and she did so work, in excess of 40 hours each week.

19. Defendant failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours a week, in violation of the FLSA [29 U.S.C. §201, *et. seq.*].

20. Plaintiff was entitled to compensation at one and one-half (1.5) times her normal hourly rate of pay for all hours worked in excess of 40 within a work week, as is required by the FLSA [29 U.S.C. §207].

21. Defendant's failure to compensate Plaintiff for all hours worked in excess of 40 at a rate of one and one half (1.5) times her hourly rate constitutes a violation of the FLSA [29 U.S.C. §201, *et. seq.*].

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. An order declaring Defendant in violation of the Fair Labor Standards Act [29 U.S.C. §201 *et. seq.*];

B. Judgment in the amount of one and one half (1.5) times Plaintiff's hourly wage rate for all hours worked in excess of 40 each week during all times when Plaintiff was employed by Defendant and judgment in the amount of Plaintiff's hourly wage for any uncompensated regular hours worked;

C. Liquidated damages in an amount equal to unpaid overtime compensation;

D. Reasonable attorneys' fees;

E. Any and all such relief as this court shall deem appropriate.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW: OVERTIME WAGES

1-21. Plaintiff reasserts and realleges the allegations of Paragraphs 1 through 21 of Count I as and for Paragraphs 1 through 21 of Count II of her Complaint at Law as though fully set forth herein.

22. Defendant regularly failed to pay Plaintiff overtime wages for hours worked in excess of 40 hours in a given work week.

23. Plaintiff brings this action pursuant to the overtime compensation provisions of the IMWL [820 ILCS §105/4a], which provides "… [n]o employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment at a rate not less than 1.5 times the regular rate at which he is employed."

24. This court has supplemental jurisdiction of such matters pursuant to 28 U.S.C. §1367.

25. Plaintiff was employed by Defendant to work as Director of Client Relations and Licensed Administrative Assistant. At the time her employment was terminated, she was paid an annual salary of $60,360.00, plus any applicable bonuses.

26. To qualify as exempt under the IMWL administrative exemption [820 ILCS §105/4a], incorporating the Federal Fair Labor Standards Act of 1983 [29 U.S.C. §201, *et. seq.*] and standards adopted by the United States Department of Labor, an employee must be compensated on a salary basis at a rate of not less than $455.00 per week, perform primary duties which constitute the performance of office or non-manual work directly related to the management

or general business operations of the employer or the employer's customers, and perform primary duties which include the exercise of discretion and independent judgment with respect to matters of significance.

27. Plaintiff was not exempt from the IMWL's overtime provision under the salaried employee exemption [820 ILCS 105/4a(2)(E)] in that she was not free to exercise discretion and independent judgment with respect to matters of significance.

28. Plaintiff was not afforded the right to make discretionary determinations with regard to her schedule or with regard to the allocation of time necessary to perform certain daily tasks.

29. Defendant further treated Plaintiff as non-exempt with regard to its expectations concerning her use of paid time off and the recordkeeping of her hours worked.

30. Defendant did not afford Plaintiff the flexibility to waive or deviate from established policies or procedures with regard to her allocation of time to assigned tasks or hours worked without prior approval.

31. Defendant directed Plaintiff to work, and she did so work, in excess of 40 hours per week.

32. Plaintiff was not compensated for working said hours in excess of 40 at one and one half (1.5) times her regular hourly rate, in violation of the IMWL [820 ILCS 105/*et. seq.*].

33. Plaintiff was entitled to compensation at one and one-half (1.5) times her normal hourly rate of pay for all hours worked in excess of 40 within a work week, as is required by the IMWL [820 ILCS 105/*et. seq.*].

34. Defendant's failure to compensate Plaintiff for all hours worked in excess of 40 at a rate of one and one half (1.5) times her hourly rate constitutes a violation of the IMWL's overtime provision [820 ILCS 105/*et. seq.*].

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Judgment in the amount of one and one half (1.5) times Plaintiff's hourly wage rate for all hours worked in excess of 40 each week during all times when Plaintiff was employed by Defendant and judgment in the amount of Plaintiff's hourly wage for any uncompensated regular hours worked;

B. Punitive damages pursuant to 820 ILCS §105/12(a);

C. Reasonable attorneys' fees and costs; and

D. Any and all such relief as this court shall deem appropriate.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-34. Plaintiff reasserts and realleges the allegations of Paragraphs 1 through 34 of Count II as and for Paragraphs 1 through 34 of Count III of her Complaint at Law as though fully set forth herein.

35. This count arises under the IWPCA [820 ILCS §115/1, *et. seq.*], due to Defendant's failure and refusal to compensate Plaintiff for all hours worked and all wages earned.

36. This court has supplemental jurisdiction over such a claim pursuant to 28 U.S.C. §1367.

37. During the course of her employment, Plaintiff was not compensated for all hours worked.

38. Plaintiff was entitled to compensation for all hours worked.

39. Defendant's failure to pay Plaintiff for all time worked violated the IWPCA.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A.  Judgment in the amount of all compensation due, as provided by the IWPCA [820 ILCS §115/1 *et. seq.*];

B.  Damages of 2% of the amount of such underpayments on all compensation due in accordance with the IWPCA [820 ILCS §115/14];

C.  Reasonable attorneys' fees and costs incurred in the prosecution of this action [820 ILCS §115/14]; and

D.  Any and all such further relief as this court shall deem appropriate.

SHERRY SALAMONE, Plaintiff

By: /s/ Bernard K. Weiler
One of her attorneys

## JURY DEMAND

Plaintiff, by her attorneys, hereby demands a trial by jury on all counts of the above entitled cause.

SHERRY SALAMONE, Plaintiff

By: /s/ Bernard K. Weiler
One of her attorneys

Bernard K. Weiler/3128608
Gary K. Mickey/1905007
Laura M. Julien/6305687
Catherine E. Lenert/6297098
Jessica L. Briney/6302477
Mickey Wilson Weiler Renzi & Andersson, P.C.
2111 Plum Street, Suite 201
Aurora, IL 60506
Tel: 630/801-9699
Fax: 630/801-9715
bkw@mickeywilson.com
gkm@mickeywilson.com
lmj@mickeywilson.com
cel@mickeywilson.com
jlb@mickeywilson.com