

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

JAN 11 2018

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| SHERRY SALAMONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 16-cv-9489** |
| | ) | |
| UPSTREAM INVESTMENT PARTNERS, | ) | |
| LLC, a limited liability Company, | ) | **Honorable Judge Ronald A. Guzman** |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| UPSTREAM INVESTMENT PARTNERS, | ) |
| | ) |
| Counter- Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHERRY SALAMONE, | ) |
| | ) |
| Counter-Defendant. | ) |

## DEFENDANT/ COUNTERCLAIMANT'S PRETRIAL BRIEF

Defendant/Counterclaimant, Upstream Investment Partners, LLC ("UIP"), through its attorneys Owens & Laughlin LLC, submits the following Pretrial Brief:

(**a**)    **Nature of the Case.** Plaintiff brings this action under the U.S. Fair Labor Standards Act (count 1), as well as alleged violations of the Illinois Minimum Wage Law (count 2), and the Illinois Wage Payment Collection Act (count 3). Defendant/Counterclaimant brings its action fraud (count 1), breach of fiduciary duty (count 2), and unjust enrichment (count 3) for payments that Counter-defendant induced Counterclaimant to pay her based upon misrepresentations of an entitlement to improperly taken paid time off. Counts 2 and 3 are alleged in the alternative to count 1.

1

**(b)** **Statement of Agreed and Contested Facts and Agreed and Contested Conclusions of Law.**

Defendant/Counterclaimant has appended a separate Statement of Not Agreed /Contested Facts and Conclusions of Law to its submissions before the Court. Additionally, the parties have submitted a joint statement of facts to the Final Pretrial Order.

**(c)** **UIP's Theory of Defense to Plaintiff's Complaint and Liability on UIP's Counterclaim.**

UIP respectfully submits that Plaintiff will not be able to discharge her burden of proof as it relates to claims under the U.S. Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment Collection Act (IWPCA) (Collectively herein after referred to as the "Acts."). UIP submits that the evidentiary basis that Plaintiff will rely upon will be insufficient to constitute viable proof that she worked the number of hours from 2011 to 2016 that she rests her case on.

Portions of Plaintiff's claims under the Acts are also time-barred. Plaintiff filed her complaint on October 4, 2016.

The Illinois Minimum Wage Law (IMWL) at 820 ILCS 105/12(a) sets the statute of limitations at three years. Under 820 ILCS 105/12(a), Plaintiff's IMWL claims that have been alleged between January 1, 2011 and October 3, 2013 are time barred.

The Illinois Wage Payment and Collection Act (IWPCA) set the statute of limitations at one year. Under 820 ILCS 115/11, Plaintiff's IWPCA claims that have been alleged between January 1, 2011 and October 3, 2015 are time barred.

The Fair Labor Standards Act (FLSA) at 29 U.S.C. 255 states:

> Any action commenced on or after May 14, 1947, to enforce any cause of action
> for unpaid minimum wages, unpaid overtime compensation, or liquidated

damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], the Walsh-Healey Act, or the Bacon-Davis Act [1] —

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

UIP respectfully submits that the evidence will show that there were no FLSA violations. Alternatively, any violation was not willful. Under the two year limitation period, Plaintiff's FLSA claims that have been alleged between January 1, 2011 and October 3, 2014 are time barred. Under the three year limitation period, Plaintiff's FLSA claims that have been alleged between January 1, 2011 and October 3, 2013 are time barred.

Most significantly, Plaintiff's employment qualifies as being administratively exempt from the FLSA and IMWL actions pled against it. Because no amount is owed based upon the administrative exemption, UIP is not liable for the payment of compensation under the IWPCA.

The administrative exemption has the following elements:

(1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.[1]

Plaintiff has not challenged the salary requirement nor the requirement that Plaintiff's work constitute exclusively office work. Plaintiff challenges whether Plaintiff's work related to the management or general business operations of the employer or the employer's customers, and

---

[1] 29 CFR 541.200.

whether it included the exercise of discretion and independent judgment with respect to matters of significance.

As it pertains to both propositions, UIP will produce evidence of Plaintiff's admissions on both issues and the observations of her co-workers.

Plaintiff's own words prove the exemption. The evidence will show that Plaintiff admitted that she advertised to prospective employers that her work experience included being the "primary person responsible for organizing and running the (Defendant's) tax practice." Defendant will prove that Plaintiff described herself as the person "who was responsible for the daily business operations of an independent financial services office that consists of 8 financial advisors,"referring to her employment with Defendant. UIP will proffer testimony that Plaintiff conceded that "I was responsible for the daily operations on the administrative side of that office". Testimony will be received that Plaintiff admitted that she described her work for Defendant as including "office management."

In terms of Plaintiff's dealings with Defendant's clients, evidence adduced from Plaintiff's own hand described her work experience for Defendant as including:

    (a)    "all aspects of client service, including gathering, processing, account paperwork;"

    (b)    "organizing and running educational workshops for clients and prospects;"

    (c)    "placing trades for clients/advisors;"

    (d)    "provided...customer service management;"

The evidence will also show that Plaintiff previously testified that in managing Defendant's clients' income tax practice, her duties included making certain that Defendant's clients' income tax returns were done by the accountants on a timely basis; if they were not timely, Plaintiff interfaced between the client, financial advisor, and accountant to determine why the clients' income tax returns were not prepared in a timely manner. To track the

preparation of the income tax returns for Defendant's clients, Plaintiff tracked the "clients when they came in" by means of spreadsheet that she maintained to insure that each client's income tax paperwork did not fall through the cracks.

It is anticipated that coworker Dianne Simonaitis will describe her work status for Defendant in relation to Plaintiff's employment by testifying that Plaintiff did not have time to do office stuff because Plaintiff was constantly working with UIP's clients.

Whether Plaintiff's duties included the exercise of discretion and independent judgment with respect to matters of significance, the evidence will be equally compelling in favor of Defendant. 29 CFR § 541.203(d) codifies examples for the administrative exemption. It states that:

> (d) An executive assistant or administrative assistant to a business owner or senior executive of a large business generally meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, has been delegated authority regarding matters of significance.

The evidence will show that Plaintiff's duties included being the primary person coordinating the "on-boarding" of new and transferring financial advisors in order to satisfy FINRA's compliance regulations. This is an integral component to Defendant's business operation. UIP's theory of defense is that in a financial services firm, where revenue is generated from the fees and commissions from each financial advisor's book of business, transferring these revenue sources to Defendant's gross economic production is an important matter to Defendant's business operations. Being the primary person coordinating the financial advisors' continued licensure through FINRA is critical to the business operations of the firm because if FINRA does not authorize the transfer, the firm loses a financial advisors' economic production.

The evidence will show that Plaintiff admitted that she advertised that she was the "primary person responsible for running and organizing" Defendant's tax practice. Plaintiff admitted that she was "responsible for making sure that all of our (Defendant's) policies and procedures were in place prior to the tax season coming on board" each tax year. By definition, this removes Plaintiff from being one who is subject to undeviating compliance to office procedure, to one who has been delegated the responsibility to put office procedure and policy into effect, for purposes of Defendant's clients' income tax practice. This takes Plaintiff's status with Defendant even further than 29 CFR 541.203(d) requires. It is UIP's defense theory that Plaintiff was more than an employee who was not subject to prescribed office procedure, as it pertained to UIP's tax procedures. Plaintiff effectively was the employee who prescribed office procedure. The evidence will show that running Defendant's income tax practice for Defendant's clients and financial advisors was more than a mundane matter.

UIP's theory of defense will also include evidence of Plaintiff's assistance in the authorship of the branch-support/cut-in program, which was a multi-tiered program that allowed employees such as Plaintiff to increase their compensation by performing duties for the financial advisors (paid from the participating financial advisors' commissions). The evidence will reveal that this is an example of Plaintiff not being limited by office procedure, but creating office procedure. The administrative exemption would be met if Plaintiff were able to deviate from the same. UIP's theory of defense is that Plaintiff's status went further than the regulations provide. Plaintiff impacted the very making of the office procedures that Defendant's employees and participating financial advisors were to follow. Assisting in the creation of a program intended to divide portions of the financial advisors fees and commissions is a matter of importance.

As it relates to UIP's counterclaim, UIP will prove that UIP permitted SALAMONE paid time off as one of the conditions of her employment, pursuant to the employee handbook, and that by 2016, UIP allowed SALAMONE 200 hours per year of paid time off, subject to UIP's policies and procedures for earning and taking said paid time each year. Pursuant to the employee handbook, the 200 hours would accrue each year on January 1, but could only be taken in increments that were earned by each employee over the calendar year. Up to 80 hours of unused paid time off could be carried over from the previous calendar.

UIP will prove in February 2016, SALAMONE scheduled a surgical procedure, causing her to be absent from work for approximately six weeks. On February 10, 2016, SALAMONE falsely communicated to her UIP supervisors that she had enough paid time off to cover the time that she would be off from work for the surgery and her recovery. The evidence will show that this statement was a material misrepresentation of fact that SALAMONE knew was untruthful and that SALAMONE made, intending to deceive UIP into paying her. SALAMONE knew at the time of speaking to UIP that she did not have sufficient earned paid time off to pay her during her absence.

UIP will prove that UIP relied upon these material misstatements, when in reality SALAMONE had not earned the vast majority of the paid time off that she alleged that she earned. UIP overpaid SALAMONE $8,125.38 because it relied upon SALAMONE's misrepresentations. UIP seeks damages in said amount based upon the theories of fraud, breach of employee fiduciary duty, and/or unjust enrichment. All three theories are alleged in the alternative.

(**d**)     **UIP's Theory of Damages.**  UIP respectfully submits that Plaintiff will not be able to discharge her burden of proving an entitlement to any damages based upon the evidence that she

will urge upon the Court. Specifically, Plaintiff's evidence will not constitute viable proof that she worked the hours that she claims.

Additionally, the evidence will show that Plaintiff's employment was exempt from the FLSA and IMWL under the administrative exemption discussed above. Because no damages are appropriate under FLSA and IMWL, Plaintiff's claims under the IWPCA also fail.

Under either scenario, Plaintiff is not entitled to any award of damages.

Alternatively, significant portions of Plaintiff's claims are time barred by the respective periods of limitation for each alleged claim. Plaintiff's IMWL claims that have been alleged between January 1, 2011 and October 3, 2013 are time barred, leaving only the time period between October 4, 2013 and October 4, 2016 as compensable. .

Plaintiff's IWPCA claims that have been alleged between January 1, 2011 and October 3, 2015 are time barred, leaving only the time period between October 4, 2015 and October 4, 2016 as compensable.

Under the two year limitation period, Plaintiff's FLSA claims that have been alleged between January 1, 2011 and October 3, 2014 are time barred. Under the three year limitation period, Plaintiff's FLSA claims that have been alleged between January 1, 2011 and October 3, 2013 are time barred. This leaves as the only compensable periods under the FLSA either October 4, 2013 or 2014 through October 4, 2016.

Pursuant to UIP's counterclaim, UIP seeks damages of $8,125.38, payment of its costs and attorneys fees, and punitive damages.

(e) **Directed Findings.** Based upon UIP's discussion of limitation periods above, as well as the application of the administrative exemption, UIP anticipates making a motion for directed finding at the close of Plaintiff's case in chief.

Respectfully Submitted by:

_____
One of Defendant's Attorneys

OWENS & LAUGHLIN LLC
TROY C. OWENS
Illinois Bar No. 6208293
towens@owenslaughlin.com

9 Crystal Lake Road, Suite 205
Lake in the Hills, Illinois 60156
Telephone: (847) 854-8700
Facsimile: (847) 854-8777